# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

ROY HOBBS, *on behalf of N.I., a minor child*, and JORDIE MEEHAN, *on behalf of N.I., a minor child,*

Plaintiffs,

v.

ANCHORAGE SCHOOL DISTRICT,

Defendant.

Case No. 3:26-cv-00071-SLG

## ORDER ON MOTION FOR PRELIMINARY INJUNCTION

Before the Court at Docket 3 is Plaintiffs Roy Hobbs and Jordie Meehan's Motion for Preliminary Injunction and Stay-Put Enforcement.[1] Defendant Anchorage School District ("ASD") responded in opposition at Docket 12, to which Plaintiffs replied at Docket 16. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

This case arises from Plaintiffs' disagreement with ASD regarding the provision of services for their child, N.I.[2] In 2022, ASD evaluated N.I. and determined that N.I. did not require any special education services under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*., or

---

[1] Plaintiffs bring this lawsuit on behalf of N.I., a minor child.

[2] Docket 6 at 3-16.

an Individualized Education Plan ("IEP").[3]  In 2024, ASD met with Plaintiffs and determined that, at that time, N.I. did not need to be reevaluated for special education services under IDEA.[4]  It does not appear in the record that Plaintiffs challenged either of those determinations at the time.

In the fall of 2025, N.I. needed surgery for a bone cyst on her leg.[5]  To ensure N.I. could continue her education while she recovered from the surgery, on September 15, 2025, ASD and N.I.'s parents agreed to a plan under Section 504 of the Rehabilitation Act that included "visiting teacher services."[6]  The plan provided the following accommodations for N.I.: (1) special education busing during N.I.'s recovery period; (2) extended time to go from one classroom to another classroom; (3) provision of an alternate activity in place of physical education; (4) use of an elevator in the school building; (5) ability to visit the school nurse when necessary and requested; (6) weekly visiting teacher services immediately following N.I.'s surgery; and (7) excusal from any physical activity that requires the use of N.I.'s right leg.[7]  According to ASD, "[t]hat 504 Plan [was] not

---

[3] Docket 12 at 2.

[4] Docket 12 at 2.

[5] Docket 12 at 2.

[6] Docket 16-2 at 2-4.  *See also* Docket 6 at 4; Docket 12 at 2-3; Docket 12-2 at ¶ 8 (Wayne Decl.).

[7] Docket 16-2 at 5-6.  The Section 504 Plan provided that visiting teacher services would "start after the surgery and once parents let the school know that [N.I.] is ready to restart her schooling." Docket 16-2 at 5.

Case No. 3:26-cv-00071-SLG, *Hobbs, et al. v. Anchorage School District*
Order on Motion for Preliminary Injunction
Page 2 of 13

designed to provide [N.I.] with special education services under [IDEA]."[8]

Beginning in September 2025 and continuing into December 2025, Plaintiffs raised many grievances with ASD regarding ASD's alleged failure to provide the agreed-upon Section 504 Plan services, and in particular, the weekly visiting teacher services and the transportation services.[9]

On December 5, 2025, ASD modified the Section 504 Plan to remove the provision for weekly visiting teacher services.[10] It is unclear whether N.I. had returned to school at that point.

On December 6, 2025, Plaintiffs filed a Petition for Formal Administrative Hearing (the "Petition") with ASD that challenged ASD's implementation of the Section 504 Plan, and in particular ASD's removal of the visiting teacher services from N.I.'s Section 504 Plan.[11] The Petition cited to Alaska Statute § 14.30.193– the statute that governs due process hearings under IDEA—not to the statute that governs hearings regarding Section 504 plans.[12] But the Petition was exclusively focused on the Section 504 Plan's implementation; it asserted that "[t]he school district has repeatedly failed to implement [N.I.'s] legally binding Section 504 Plan

---

[8] Docket 12-1 at ¶ 4 (Pimentel Decl.).

[9] *See* Docket 12-3 at 1-4.

[10] Docket 6 at 5; Docket 12 at 3; Docket 12-2 at ¶ 9 (Wayne Decl.); Docket 12-12 at 3.

[11] Docket 12-3. *See also* Docket 6 at 4-5.

[12] Docket 12-3 at 1, 4.

Case No. 3:26-cv-00071-SLG, *Hobbs, et al. v. Anchorage School District*
Order on Motion for Preliminary Injunction
Page 3 of 13

Case 3:26-cv-00071-SLG   Document 22   Filed 04/10/26   Page 3 of 13

dated September 15, 2025, in violation of state and federal laws, including the Rehabilitation Act of 1973. The district has treated her 504 Plan as optional, delayed required services, removed mandated accommodations without informed consent, and engaged in retaliatory actions that further denied [N.I.] access to her accommodations."[13]

On December 16, 2026, ASD appointed a hearing officer ("HO") to conduct a Section 504 hearing on the Petition.[14] Plaintiffs then refiled the Petition with the Alaska Department of Education and Early Development ("DEED"), seeking a due process hearing pursuant to IDEA, and filed several documents with DEED requesting "that their complaint be processed under IDEA,"[15] including a Parent Notice of Due Process and District Improper Hearing Referral.[16] "In response to [Plaintiffs'] filings, DEED processed [Plaintiffs' Petition] in accordance with the regulations governing IDEA due process complaints."[17] In a December 22, 2025

---

[13] Docket 12-3 at 4.

[14] Docket 6 at 5, ¶ 18; Docket 4-7 at 1.

[15] These documents included a Parent Notice of Due Process and District Improper Hearing Referral; Parental Statement of Non-Consent Section 504 Hearing; Parental Written Notice of Non-Consent (504 Plan); Parental Written Request for Independent Education Evaluation: Parent-Initiated Due Process Referral—Request for DEED Action. Docket 4-7 at 1-2.

[16] As alleged in Plaintiffs' Amended Complaint, Plaintiffs filed a Motion to Change Hearing Type on December 17, 2025. Docket 6 at 5, ¶ 18. Plaintiffs also allege that, in response to their request to change the hearing to an IDEA hearing, the ASD HO informed the parents that if they sought a due process hearing under IDEA and associated state law, then Plaintiffs "should forward their complaint to the DEED." Docket 6 at 6, ¶ 20. Plaintiffs allege that they submitted their due process request to DEED the next day and an amended due process request to DEED two days after that. Docket 6 at 6, ¶¶ 21-22.

[17] Docket 4-7 at 2.

Case No. 3:26-cv-00071-SLG, *Hobbs, et al. v. Anchorage School District*
Order on Motion for Preliminary Injunction
Page 4 of 13
Case 3:26-cv-00071-SLG    Document 22    Filed 04/10/26    Page 4 of 13

letter, DEED informed Plaintiffs that DEED "does not have direct authority over [Section] 504 issues. [Section] 504 matters are under the Americans with Disabilities Act (ADA), which has different regulatory requirements than the Individuals with Disabilities Education Act (IDEA)."[18]

Plaintiffs also filed a Parental Written Request for Independent Education Evaluation ("IEE") with DEED.[19] Plaintiffs asserted that N.I. should have an IEE and that the visiting teacher services were appropriate as services under IDEA.[20] In response to Plaintiffs' request for an IEE, on January 2, 2026, ASD issued a written notice to Plaintiffs notifying them that ASD would form an evaluation team and meet with Plaintiffs to plan an evaluation.[21] Plaintiffs have since consented to the evaluation.[22]

On January 5, 2026, ASD moved to dismiss Plaintiffs' Petition before the DEED.[23] ASD maintained that DEED did not have jurisdiction over Plaintiffs' claims because Plaintiffs were challenging ASD's amendment to the Section 504 Plan and their Petition did not raise a challenge under IDEA.[24]

---

[18] Docket 12-5 at 1.

[19] Docket 12-10 at 11-15.

[20] Docket 6 at 4-5; *see* Docket 12-10 at 12-14.

[21] Docket 12-2 at ¶ 10 (Wayne Decl.).

[22] Docket 12-2 at ¶ 10 (Wayne Decl.).

[23] Docket 12-9.

[24] Docket 12 at 4; Docket 12-9. *See also* 4 Alaska Admin. Code § 52.550(o) ("A due process hearing under this section will not address the application of any statutes or regulations other than

Case No. 3:26-cv-00071-SLG, *Hobbs, et al. v. Anchorage School District*
Order on Motion for Preliminary Injunction
Page 5 of 13

On January 6, 2026, Plaintiffs filed an Emergency Motion to Enforce Statutory Stay-Put, Restore Placement, and Notice of Further Procedural Violations pursuant to Alaska Statute § 14.30.193(e).[25] Plaintiffs asserted that, by removing visiting teacher services and safety protocols from N.I.'s Section 504 Plan during the pendency of their due process hearing, ASD changed N.I.'s educational placement in violation of the stay-put provision in Alaska Statute § 14.30.193(e).[26] ASD opposed a stay-put order because it maintained such an order "would prevent ASD from . . . evaluating [N.I.] for special education eligibility and services under the IDEA" during the pendency of the due process proceeding.[27]

On January 15, 2026, the HO dismissed Plaintiffs' Petition for lack of jurisdiction, explaining that he did not have jurisdiction over Plaintiffs' claims because they arose under Section 504, not IDEA.[28] He explained: "[T]he sole question to be decided is whether [Plaintiffs' Petition], taken in the light most favorable to [Plaintiffs], states some claim under IDEA as opposed to solely stating

---

AS 14.30.180 - 14.30.350 . . . . "); Alaska Stat. § 14.30.180 ("It is the purpose of AS 14.30.180—14.30.350 to . . . allow procedures and actions necessary to comply with the requirements of federal law, including 20 U.S.C. 1400—1482 (Individuals with Disabilities Education Act).").

[25] Docket 12-11.

[26] Docket 12-11 at 1; Docket 16 at 12.

[27] Docket 12 at 5; *see* Docket 12-12.

[28] Docket 4-7 at 3.

Case No. 3:26-cv-00071-SLG, *Hobbs, et al. v. Anchorage School District*
Order on Motion for Preliminary Injunction
Page 6 of 13
Case 3:26-cv-00071-SLG   Document 22   Filed 04/10/26   Page 6 of 13

claims under the Rehabilitation Act."[29]   The HO found that "[Plaintiffs' Petition] [was] solely concerned with the Rehabilitation Act and the Districts' alleged failure to comply with that act.  For this reason, the [Petition] must be dismissed."[30]

On February 5, 2026, ASD and Plaintiffs met to discuss N.I.'s Section 504 Plan.[31]   Plaintiffs informed ASD that N.I. would not attend school unless ASD developed a safety plan or an IEP for N.I. rather than a Section 504 Plan.[32]  ASD maintains that N.I.'s "absence from school has hindered ASD's attempts to fulfill [Plaintiffs'] request for an evaluation for special education service eligibility under the IDEA.  ASD is working to arrange for evaluation to go to [N.I.'s] home to conduct evaluations."[33]

On February 13, 2026, Plaintiffs initiated this action to appeal the HO's January 15, 2026 decision.[34]   That same day, Plaintiffs filed a Motion for Preliminary Injunction and Stay-Put Enforcement.[35]  In their motion, Plaintiffs seek a court order (1) vacating the Hearing Officer's decision; (2) requiring ASD to

---

[29] Docket 4-7 at 4.

[30] Docket 4-7 at 5.

[31] Docket 12 at 6.

[32] Docket 12-2 at ¶ 12 (Wayne Decl.); Docket 12-1 at ¶ 9 (Pimentel Decl.).

[33] Docket 12-2 at ¶ 12 (Wayne Decl.).

[34] Docket 1; *see* Docket 4-7 at 6 (explaining that Plaintiffs "may appeal this decision . . . to the Alaska Federal District Court pursuant to 34 CFR 300.516").

[35] Docket 3.

Case No. 3:26-cv-00071-SLG, *Hobbs, et al. v. Anchorage School District*
Order on Motion for Preliminary Injunction
Page 7 of 13
Case 3:26-cv-00071-SLG     Document 22     Filed 04/10/26     Page 7 of 13

"immediately recognize the Student's status as a child with an Other Health Impairment (OHI) and orthopedic disability for the purposes of maintaining the mandatory IDEA 'Stay-Put' during the pendency of these proceedings"; (3) requiring ASD to "immediately implement the safety protocols and medical mandates certified by the Student's physicians,"; (4) prohibiting ASD from "characterizing the Student's medically necessary absences as 'unexcused' or pursuing truancy actions against the Plaintiffs during the pendency of this appeal"; and (5) requiring the "State . . . to produce the full and complete, unredacted administrative record."[36]

On February 17, 2026, Plaintiffs filed a First Amended Complaint ("FAC").[37] The FAC provides additional citations to legal standards of review and contains an additional standalone section containing allegations that the HO misapplied § 14.30.193(e).[38] The FAC also contains additional factual allegations[39] and seeks additional forms of relief that were not contained in the initial Complaint; for example, the FAC seeks an order compelling ASD to recognize N.I.'s orthopedic disability under IDEA and state law.[40]

---

[36] Docket 3-1 at 2.

[37] Docket 6.

[38] Docket 6 at 2-3.

[39] *See* Docket 6 at 3-16.

[40] Docket 6 at 16-18.

Case No. 3:26-cv-00071-SLG, *Hobbs, et al. v. Anchorage School District*
Order on Motion for Preliminary Injunction
Page 8 of 13

## JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action with claims arising under federal law.

## LEGAL STANDARD

In *Winter v. Natural Resources Defense Council, Inc.*, the United States Supreme Court held that plaintiffs seeking preliminary injunctive relief must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest.[41] When, as here, the government is a party to the action, the balance of equities factor and the public interest factor merge.[42] The Supreme Court in *Winter* characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[43]

Following *Winter*, the Ninth Circuit addressed the first element—the likelihood of success on the merits—and held that its "serious questions" approach to preliminary injunctions was still valid "when applied as part of the four-element *Winter* test."[44] Under that approach, if a plaintiff shows "that there are 'serious

---

[41] 555 U.S. 7, 20 (2008).

[42] *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

[43] *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

[44] *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

Case No. 3:26-cv-00071-SLG, *Hobbs, et al. v. Anchorage School District*
Order on Motion for Preliminary Injunction
Page 9 of 13

Case 3:26-cv-00071-SLG    Document 22    Filed 04/10/26    Page 9 of 13

questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor.'"[45]  All four *Winter* elements must still be satisfied under this approach.[46]

Injunctive relief is an equitable remedy, and "[t]he essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case."[47]

### DISCUSSION

In their Motion for a Preliminary Injunction, Plaintiffs contend that they have shown a likelihood of success on the merits because "the HO committed an error of law" "[b]y dismissing the case because [Plaintiffs] declined an evaluation during the 'Stay-Put' period" in "direct contradiction" of Alaska Statute § 14.30.193(e).[48] This assertion is the entirety of Plaintiffs' argument as to their likelihood of success on the merits.  Plaintiffs seek a court order "to enforce the mandatory 'Stay-Put' provisions of [Alaska Statute] § 14.30.193(e) and to protect [N.I.] from ongoing

---

[45] *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (emphasis in original) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

[46] *See All. for the Wild Rockies*, 632 F.3d at 1135 ("Of course, plaintiffs must also satisfy the other *Winter* factors."); *see also, Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013) (describing standard for preliminary injunction).

[47] *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987).

[48] Docket 3 at 2.

Case No. 3:26-cv-00071-SLG, *Hobbs, et al. v. Anchorage School District*
Order on Motion for Preliminary Injunction
Page 10 of 13

physical and educational harm."[49] Plaintiffs maintain that "this Court must restore the student's last agreed-upon placement" because "[b]y removing 'Visiting Teacher' services and stripping away medical accommodations," ASD violated the stay-put provisions in Alaska Statute § 14.30.193(e) and 20 U.S.C. § 1415(j).[50]

Plaintiffs' Petition for Formal Administrative Hearing in December 2025 was based on a change to N.I.'s Section 504 Plan.[51] Although the initial Petition to ASD referenced Alaska Statute § 14.30.193 "and other applicable statutes,"[52] the initial Petition did not seek special education services for N.I. pursuant to IDEA.[53] Plaintiffs then filed their Petition with DEED, seeking to invoke the regulations governing IDEA and DEED accepted the Petition.[54] However, in its Final Decision and Order, the HO determined that Plaintiffs had not in fact alleged any claims under IDEA.[55] Because Plaintiffs alleged only claims under Section 504, the HO

---

[49] Docket 3 at 1.

[50] Docket 16 at 2-3.

[51] Docket 12-3.

[52] Docket 12-3 at 1.

[53] Docket 12-3 at 4 ("The school district has repeatedly failed to implement [N.I.'s] legally binding Section 504 Plan dated September 15, 2025, in violation of state and federal laws, including the Rehabilitation Act of 1973. The district has treated her 504 Plan as optional, delayed required services, removed mandated accommodations without informed consent, and engaged in retaliatory actions that further denied [N.I.] access to her accommodations."); *see generally* Docket 12-3.

[54] Docket 4-7 at 2 ("In response to [Plaintiffs'] filings, DEED processed [Plaintiffs'] complaint in accordance with the regulations governing IDEA due process complaints.").

[55] Docket 4-7 at 5 ("In sum. the Parents' complaint is solely concerned with the Rehabilitation Act and the Districts' alleged failure to comply with that act. For this reason, the complaint must be dismissed.").

Case No. 3:26-cv-00071-SLG, *Hobbs, et al. v. Anchorage School District*
Order on Motion for Preliminary Injunction
Page 11 of 13
Case 3:26-cv-00071-SLG    Document 22    Filed 04/10/26    Page 11 of 13

dismissed Plaintiffs' administrative Petition for lack of jurisdiction.[56]  Thus, the sole issue before the Court is whether the HO erred in his legal determination that DEED lacked jurisdiction to hear Plaintiffs' Petition.

Alaska Statute § 14.30.193 and 20 U.S.C. § 1415(j) apply to due process proceedings initiated pursuant to and concerning the provision of services under IDEA.  While DEED accepted Plaintiffs' Petition, the HO then promptly determined that Plaintiffs had not alleged any IDEA claims.[57]  Plaintiffs have not shown a likelihood of success on the merits or that serious questions go to the merits as to whether the HO's jurisdictional determination was erroneous.

Further, contrary to Plaintiffs' assertion in their motion for a preliminary injunction, the HO did not dismiss Plaintiffs' Petition because Plaintiffs "declined an evaluation during the 'Stay-Put' period."[58]  Rather, as stated above, the HO dismissed Plaintiffs' Petition because DEED lacked jurisdiction over Plaintiffs' Section 504 claims.  Only after reaching that legal determination did the HO then, in dicta, "share a few thoughts that might assist the parties in this matter," including an observation that "[t]he District has offered to conduct . . . an evaluation and in one communication" and the HO saw "[Plaintiffs] declining to cooperate with that

---

[56] Docket 4-7 at 3-5.

[57] *See* Docket 4-7 at 3.

[58] Docket 3 at 2.

Case No. 3:26-cv-00071-SLG, *Hobbs, et al. v. Anchorage School District*
Order on Motion for Preliminary Injunction
Page 12 of 13
Case 3:26-cv-00071-SLG    Document 22    Filed 04/10/26    Page 12 of 13

evaluation because they are awaiting my decision on the District's motion."[59]  The HO then wrote that he "believe[d] that this is a terrible mistake and a complete misconception of this process."[60]  But these observations were not the reason for the HO's dismissal of Plaintiffs' Petition.

In sum, the Court finds that Plaintiffs have not shown a likelihood of success on the merits or that serious questions going to the merits of the issue before the Court: whether the HO erred in his determination that DEED lacked jurisdiction to hear Plaintiffs' claims.  Only upon a showing of serious questions going to the merits on this topic would the stay-put provisions of IDEA potentially apply.  And because all four of the elements for preliminary injunctive relief must be established,[61] Plaintiffs' failure to establish this element precludes preliminary injunctive relief.

## CONCLUSION

In light of the foregoing, Plaintiffs' Motion for Preliminary Injunction at Docket 3 is **DENIED**.

DATED this 10th day of April, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[59] Docket 4-7 at 5.

[60] Docket 4-7 at 5.

[61] *See All. for the Wild Rockies*, 632 F.3d at 1135 ("Of course, plaintiffs must also satisfy the other *Winter* factors.").

Case No. 3:26-cv-00071-SLG, *Hobbs, et al. v. Anchorage School District*
Order on Motion for Preliminary Injunction
Page 13 of 13